CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 30 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LLOYD WAYNE SHEPPARD, | ) | Civil Action No. 7:16-cv-00570 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| J. A. WOODSON, et al., | ) | By:  Hon. Jackson L. Kiser |
|     Defendants. | ) |        Senior United States District Judge |

Lloyd Wayne Sheppard, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming the Warden of the Augusta Correctional Center as the sole defendant. On June 20, 2017, the defendant filed a motion to dismiss for failure to state a claim. On that same day, the Clerk issued a Notice that advised Plaintiff that the motion had been filed and that Plaintiff had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion . . . . However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.

Notice (ECF no. 31) (original emphasis).

Despite receiving two extensions of time totaling nearly five months, Plaintiff did not respond to the Notice or the motion to dismiss, and the Notice was not returned to the court as undeliverable. Furthermore, Plaintiff has not communicated with the court since September 2017. Pursuant to the Notice entered on June 20, 2017, I find that Plaintiff has failed to prosecute this case. Accordingly, the complaint is dismissed without prejudice for Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and all pending motions are denied

without prejudice as moot. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**ENTER:** This 30th day of January, 2018.

Senior United States District Judge